## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

| | |
|---|---|
| HEARTFLOW, INC., a Delaware Corporation,<br><br>  Plaintiff,<br><br>v.<br><br>NICHOLAS MILLS, an individual,<br><br>  Defendant. | Case No. 6:26-cv-00032-ACC-LHP |

### PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE

Plaintiff Heartflow, Inc. ("Heartflow" or "Plaintiff"), responds to the Court's January 12, 2026, Order to Show Cause [Doc. 8] ("OTSC"), and states as follows

### INTRODUCTION

This action is brought by Heartflow to prevent its former employee, Defendant Nicholas Mills ("Mills"), from violating his post-employment contractual obligations to Heartflow. Mills resigned from his employment with Heartflow to join Elucid BioImaging, Inc. ("Elucid"), one of Heartflow's direct competitors. In response to the OTSC, Plaintiff promptly filed its First Amended Verified Complaint [Doc. 11] ("Amended Complaint"), which by virtue of verified allegations, satisfies the amount-in-controversy requirement. Therefore, the case should not be dismissed for failure to allege the amount in controversy sufficient to invoke jurisdiction pursuant to 28 U.S.C. § 1332, and the OTSC should be discharged.

## MEMORANDUM OF LAW

A district court has original jurisdiction over cases in which the parties are of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

In assessing the amount in controversy, the Court considers the value of the plaintiff's claims by estimating the amounts that "will be put at issue during the litigation," and *not* how much plaintiff is ultimately likely to recover. *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014); *see also Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010) (explaining "the plaintiffs' likelihood of success on the merits is largely irrelevant to the court's jurisdiction because the pertinent question is what is *in controversy* in the case, not how much the plaintiffs are ultimately likely to recover") (emphasis in original) (citation omitted). In conducting its analysis, the Court may rely upon its "judicial experience and common sense." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1064 (11th Cir. 2010).

"For amount in controversy purposes, the value of injunctive or declaratory relief is the value of the object of the litigation measured from the plaintiff's perspective." *S. Fla. Wellness v. Allstate Ins. Co.*, 745 F.3d 1312, 1315-16 (11th Cir. 2014). "When a business is threatened . . . by breach of a covenant not to compete[,] the stated rule is that the amount in controversy in an action for injunctive or declaratory relief is the difference between the value of the business . . . with the covenant, and its value . . . subject to the breach of the covenant." *Blue-Grace Grp. Ltd.*

*Liab. Co. v. Fahey*, No. 8:21-cv-58-MSS-JSS, 2021 U.S. Dist. LEXIS 114381, at *7 (M.D. Fla. Apr. 20, 2021) (quoting *Brand Energy Sols., LLC v. Rakocy*, No. CV 16-13990, 2016 U.S. Dist. LEXIS 179703, 2016 WL 7476221, at *3 (E.D. La. Dec. 29, 2016)).

"A covenant not to compete generally is not susceptible to an abstract fair market valuation" and a company is not "required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Weiner v. Tootsie Roll Indus.*, 412 F. App'x 224, 228 (11th Cir. 2011) (cleaned up). Courts routinely find that the amount in controversy is satisfied when an employee is working for a competitor with the benefit of confidential information. *See e.g. Vestagen Protective Techs. v. Beyer*, No. 6:17-cv-494-Orl-40KRS, 2017 U.S. Dist. LEXIS 228852, at *7 (M.D. Fla. July 5, 2017) ("alleged loss of such valuable confidential information satisfies the $75,000 jurisdictional threshold").

Here, the Amended Complaint clearly alleges that it seeks damages in excess of $75,000.00, exclusive of interest and costs. Am. Compl. ¶ 11. The Amended Complaint alleges that Mills was earning compensation of $150,000.00 per year, plus additional variable compensation. Am. Compl. ¶ 27. This satisfies the amount-in-controversy inquiry alone. *See, e.g., Weiner*, 412 F. App'x at 228 (affirming denial of motion to remand, including because employee earned more than amount in controversy in salary).

Further, absent the immediate injunctive relief sought by Heartflow, it will be damaged in an amount exceeding $75,000.00 as the legitimate business interests

3

underlying the restrictive covenant, namely Heartflow's highly sensitive confidential information including the Heartflow One Platform, support a business with profits of nearly $10 million per month. Am. Compl. ¶¶ 30-33, 59, 61. Indeed, the Heartflow One Platform, which Mills had intimate knowledge of, is responsible for substantially all of Heartflow's revenue and profits. Am. Compl. ¶ 21. This further satisfies the amount in controversy, as it constitutes the valuation of the injunctive relief from Plaintiff's perspective.

In addition to injunctive relief, Heartflow seeks disgorgement of any monies earned by Mills as a result of the breach of his agreements with Heartflow. Am. Compl. p. 18. Mills' current compensation with his new employer is in excess of $300,000.00. Am. Compl. ¶ 52. Based on Mills' salary exceeding $300,000.00, disgorgement alone satisfies the amount in controversy after three (3) months of employment.

## CONCLUSION

Heartflow – through its Amended Complaint – has adequately alleged the amount in controversy sufficient to satisfy this Court's inquiry into its jurisdiction over the matter. In its Amended Complaint, Heartflow has submitted sworn evidence that it seeks damages in excess of $75,000.00, Mills earned significantly more than $75,000 in salary working for HeartFlow, it is entitled to disgorgement of Mills' $300,000.00 salary, and the estimated profits of the business, i.e., the value of its confidential information, threatened by Mills joining a direct competitor are approximately $10,000,000 a month. Each of these facts taken separately would satisfy the amount in controversy, and collectively exceed the threshold. Therefore, the case should not

4

be dismissed for failure to allege the amount in controversy sufficient to invoke jurisdiction pursuant to 28 U.S.C. § 1332, and the Court should discharge its Order to Show Cause.

Dated: January 26, 2026

Respectfully submitted,

/s/ Tyler A. Sims
Tyler A. Sims
Florida Bar No. 1048908
tsims@littler.com
West A. Holden
Florida Bar No. 0113569
wholden@littler.com
LITTLER MENDELSON P.C.
111 North Orange Avenue, Suite 1750
Orlando, FL 32801.2366
Tel:   407.393.2900
Fax:   407.393.2929
Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I HEREBY certify that on the 26th day of January 2026, a true and correct copy of the foregoing was electronically filed and served via transmission of Notice of Electronic Filing generated by CM/ECF on Defendant's counsel of record.

/s/ Tyler A. Sims
Tyler A. Sims